DANIEL G. KNAUSS
United States Attorney
District of Arizona

SHARON K. SEXTON
Assistant U.S. Attorney
Arizona State Bar No. 012359
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Alvin Lewis, Jr.,<br><br>    Defendant. | CR- 07-1183-PHX-JAT<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, ALVIN LEWIS, JR., hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Count 1 of the Information, **CIR-Second Degree Murder**, in violation of Title 18, United States Code, Sections 1153 and 1111, a Class A felony offense.

### TERMS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements. The defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G" or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction, provided that such sentence is otherwise consistent with the terms of this plea agreement.

1. **MAXIMUM PENALTIES**

   a. **SECOND DEGREE MURDER:** A violation of Title 18, United States Code, Section 1111, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of life or both and a term of supervised release of not more than five years. A supervised release violation carries a maximum penalty of five years prison pursuant to Title 18, United States Code, Section 3583(e)(3).

   b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

   (1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

   (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

   (3) Order the defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

   c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100 at to each count. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

   a. The parties stipulate pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the defendant shall be sentenced a total prison term of between 15 and 25 years.

   b. If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving both parties an opportunity to withdraw from the agreement in accordance with Fed. R. Crim. P. 11(c)(5).

    c.    The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

    d.    If the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and if the defendant demonstrates an acceptance of responsibility for the offense up to and including sentencing, and if the court finds that the defendant has fully accepted responsibility for his actions pursuant to Section 3E1.1 of the Sentencing Guidelines, the government will recommend pursuant to Rule 11(c)(1)(B) a three-point reduction in the applicable sentencing guideline offense level.

    e.    Defendant understands that there is no agreement regarding the defendant's criminal history or criminal history category.

**3. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

At the time of sentencing, the Government will move to dismiss the juvenile information.

This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

**4. WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

5. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

6. **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

7. **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

   a.   Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

   b.   The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

   (1)   All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

   (2)   All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

   (3)   All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## FACTUAL BASIS

I further agree that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**COUNT 1: SECOND DEGREE MURDER: The elements of this offense are as follows:**

1. The defendant unlawfully killed a human being with malice aforethought.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life; and

2. The defendant is an Indian; and

3. This offense occurred on an Indian reservation, Indian Country, in the District of Arizona.

**The FACTS of this case are as follows:**

On or between July 17, 2007, and July 30, 2007 in the District of Arizona, within the confines of the Gila River Indian Community, Indian Country, ALVIN LEWIS, JR., an Indian, did with malice aforethought, willfully kill Ursula Simms, by beating her with a rock and stabbing her.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth

in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

10-23-07
Date

*/s/ Alvin Lewis Jr.*
ALVIN LEWIS JR.
Defendant

6

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

10-23-07
Date

*Deborah Williams*
~~NED EULER-AJAYI~~ Deborah Williams
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DANIEL G. KNAUSS
United States Attorney
District of Arizona

10/25/07
Date

*Sharon K. Sexton*
SHARON K. SEXTON
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

22 JAN 08
Date

JAMES A. TEILBORG
United States District Judge

7